IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61463 CIV-HUCK

MAGISTRATE JUDGE SIMONTON

JEFFREY BULLION, on behalf of
himself and all others similarly situated,

    Plaintiff,

v.

TRANSTEC SYSTEMS, INC., a Florida
corporation, and SASTRI D. RASARAN,

    Defendants.

_____/

FILED by _____ D.C.
INTAKE
OCT 12 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • FT. LAUD.

## COMPLAINT

Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended (29 USC § 201 et seq.), hereinafter "the Act," on behalf of himself and other similarly situated employees, to recover unpaid back wages, unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorney's fees and costs.

1. Jurisdiction of this action is conferred by Section 16(b) of the Act (29 USC 216(b)).

2. Defendant TRANSTEC SYSTEMS, INC. ("TRANSTEC") at all times hereinafter mentioned has been a Florida corporation having a place of business and doing business in Broward County, Florida, where it has been engaged in the cable business.

3. Defendant SASTRI D. RASARAN is a resident of Broward County, Florida.

4. At all times hereinafter mentioned, Defendant TRANSTEC having been engaged in related activities performed through unified operation or common control for a common

Page 1 of 4

business purpose; having employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, or otherwise working on goods or materials that have been moved in or produced for commerce; or using instrumentalities of commerce and having annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), therefore constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(r) and (s) of the Act (29 USC § 203(r) and (s)).

5. At all times hereinafter mentioned, Defendant TRANSTEC employed employees, including Plaintiff who were regularly engaged in handling, receiving, selling or otherwise working with machinery, materials and goods moved in or produced for commerce and other activities involving interstate commerce. Such employees, therefore, have been engaged in commerce within the meaning of Section 3(b) and (j); respectively, of the Act (29 USC § 203(b) and (j)).

6. During the period from approximately May 29, 2007 to July 3, 2007, Defendant TRANSTEC employed Plaintiff BULLION, and others, in the aforesaid enterprise for workweeks longer than 40 hours and failed to compensate them for their employment in excess of 40 hours per week at a rate of at least one-half(½) and/or one and one-half(1½) times the regular rate at which they were employed, contrary to the requirements of Section 7 of the Act (29 USC § 207), and failed to pay them the applicable minimum hourly rate contrary to the requirements of Sections 6 and 15 (a)(2) of the Act (29 USC § 206 and 15 (a)(2)).

7. As a result of the underpayments of wages alleged above, Defendant TRANSTEC is indebted to Plaintiff BULLION and others for unpaid minimum wages and

overtime compensation and back pay. The complete records concerning the number of hours worked by Plaintiff BULLION, the compensation he received in workweeks in which excess hours were worked, and the basis upon which his wages were calculated are in the exclusive possession and under the sole custody and control of the Defendant TRANSTEC.

8. As a result of the underpayment of wages alleged above, Plaintiff BULLION estimates that Defendant TRANSTEC is indebted to Plaintiff in the minimum amount of $7,500.00, which amount Defendant TRANSTEC has refused to pay. This is only an estimate of the wages owed to Plaintiff BULLION. Upon receipt of discovery from Defendant, Plaintiff will calculate the actual total damages due.

9. Pursuant to Section 16(b) of the Act, Plaintiff BULLION is entitled to the recovery of a reasonable attorney's fee.

WHEREFORE, Plaintiff demands judgment against Defendant TRANSTEC for a minimum estimate of $7,500.00, an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and a trial by jury of all issues.

## COUNT II
### (BULLION v. SASTRI D. RASARAN)

10. Plaintiff repeats the allegations of paragraphs 1 through 8.

11. Defendant SASTRI D. RASARAN is an officer of the corporation, actively participated in the business and exercised control over the functions of the employees.

12. As a result of the underpayment of wages alleged above, Plaintiff RASARAN calculates that Defendant SASTRI D. RASARAN is indebted to Plaintiff in the total amount of $7,500.00, which amount Defendant SASTRI D. RASARAN has refused to pay.

13. Pursuant to Section 16(b) of the Act, Plaintiff BULLION is entitled to the recovery of a reasonable attorney's fee.

WHEREFORE, Plaintiff demands judgment against Defendant SASTRI D. RASARAN for a minimum estimate of $7,500.00, an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and a trial by jury of all issues.

Dated: ~~September~~ October 11, 2007
Palm Springs, FL

Respectfully submitted,

_____
Joseph Bilotta, Esquire (Fla. Bar #0881414)
JoeB@vassallobilotta.com
Vassallo & Bilotta, P.A.
1630 South Congress Avenue
Suite 201
Palm Springs, FL 33461
Telephone: (561) 432-1994
Facsimile: (561) 432-1117
Attorney for Plaintiff [JEFFREY BULLION]

I, JEFFREY BULLION, consent to being named as a plaintiff in this action.

_____
JEFFREY BULLION

JS-44
(Rev. 12/96)

# CIVIL COVER SHEET  07-61463

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JEFFREY BULLION, on behalf of himself and all others similarly situated,

## DEFENDANTS
CIV - HUCK
TRANSTEC SYSTEMS, INC., a Florida corporation, and SASTRI D. RASARA

MAGISTRATE JUDGE SIMONTON

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Joseph Bilotta, Esq., Vassallo & Bilotta, P.A.
1630 South Congress Avenue, Suite 201, Palm Springs, FL 33461
(561) 432-1994

ATTORNEYS (IF KNOWN)
0:07cv 61463 PCH/AMS

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION  (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)  (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

FILED by _____ D.C.
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.

## IV. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT  (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 |   | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | B☐ 630 Liquor Laws |   | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability / ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | A PROPERTY RIGHTS | ☐ 460 Deportation |
| B☐ 151 Medicare Act | ☐ 340 Marine | B☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |   / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS / PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / HABEAS CORPUS: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / B☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / A☐ 535 Death Penalty |   | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / B☐ 540 Mandamus & Other |   | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |   / B☐ 550 Civil Rights |   |   | A OR B |
|   |   / B☐ 555 Prison Condition |   |   |   |

## VI. CAUSE OF ACTION  (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Fair Labor Standards Act of 1938, as amended (29 USC § 201 et seq.)

LENGTH OF TRIAL
__ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $7,500.00
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY  (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD
Joseph Bilotta, Esq. Florida Bar #0331414

FOR OFFICE USE ONLY
RECEIPT # 541251  AMOUNT 350.00  APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____