UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61463-HUCK/SIMONTON
<u>CONSENT CASE</u>

JEFFREY BULLION,

    Plaintiff,

v.

SASTRI D. RAMSARAN, et al.,

    Defendants.
_____/

<u>ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM</u>

**Presently pending before the Court is Plaintiff's Motion to Dismiss Defendant Ramsaran's Counterclaim (DE # 30). The deadline to timely file a brief in opposition to the motion expired on May 16, 2008 and Defendant did not respond. This case has been referred to the undersigned Magistrate Judge upon the consent of the parties (DE # 24). Following a careful review of the record and for the reasons stated herein, Plaintiff's motion is GRANTED.**

    I.    <u>BACKGROUND</u>

        A.    <u>The Complaint</u>

**On October 12, 2007, Plaintiff, Jeffrey Bullion, filed a complaint, naming Transtec Systems, Inc. and its corporate officer, Sastri Ramsaran,[1] as defendants. Plaintiff sued under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201,** *et seq.,* **alleging that Defendants violated the minimum wage and overtime wage standards by failing to adequately compensate him for his work (DE # 1).**

---

    [1]  The Complaint spells defendant's name as "Rasaran," however, the spelling used by Defendant in his Answer is "Ramsaran."

### B. The Counterclaim

On November 30, 2007, Defendant Sastri Ramsaran filed a *pro se* letter/Answer which arguably included a Counterclaim in which he stated that he hired Plaintiff as a subcontractor. Mr. Ramsaran claimed, however, that "after about 3 weeks [Plaintiff] failed . . . quality control[ ] by 90-95%" and that Plaintiff quit soon thereafter (DE # 11). Mr. Ramsaran alleged that he was forced to "pay someone else" to re-do the jobs that Plaintiff failed to execute adequately "and [to] do them right." *Id.* According to the Counterclaim, the cost of assigning another subcontractor "to bring all of [Plaintiff's] work up to specs [*sic*]" was $1,290.00. *Id.*

### C. The Instant Motion to Dismiss

Plaintiff then moved to dismiss the Counterclaim (DE # 30). Plaintiff asserts that the Counterclaim is not compulsory because it is not "logically related" to the allegations in the Complaint. *Id.* at 2. Plaintiff further contends that the Counterclaim does not give rise to subject matter jurisdiction due to the presence of a federal question or the diverse citizenship of the parties. *Id.* at 1-2.

## II. LEGAL FRAMEWORK

### A. Default for Failure to Respond to Motion to Dismiss

Pursuant to this Court's Local Rules, a party's failure to "serve an opposing memorandum of law no later than ten days after service of the motion . . . may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1.C.

### B. Supplementary Jurisdiction

Where a Complaint sets forth a basis for federal jurisdiction, this Court also has supplementary jurisdiction over compulsory counterclaims, which are defined as any claims that "arise[ ] out of the transaction or occurrence that is the subject matter of the

[underlying] claim." See *Ward v. Winter Garden Business Park, LLC*, No. 6:06-cv-53-Orl-31KRS, 2006 WL 1382108, at *2 (M.D. Fla. May 19, 2006) (citing Fed. R. Civ. P. 13). To determine whether a counterclaim is compulsory, Courts in this Circuit apply the "logical relationship test." See *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).

A Court may also exercise jurisdiction over a permissive counterclaim if the counterclaim is "so related to claims in the [underlying] action that they form part of the same case or controversy under Article III of the United States Constitution." *Carvalho v. Door-Pack, Inc.*, No. 0:08-cv-60340-KMM, at 2 (S.D. Fla. May 23, 2008) (unpub. op.) (citing 28 U.S.C. § 1367). A counterclaim forms part of the "same case or controversy" as the underlying claim where they both arise from "a common nucleus of operative fact." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-43 (11th Cir. 2006) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)). Finally, however, the Court may exercise its discretion to decline jurisdiction over a permissive counterclaim if:

> (1) [it] raises a novel or complex issue of state law,
>
> (2) [it] substantially predominates over the [underlying] . . . claims,
>
> (3) the district court has dismissed [the underlying] claims, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In the event that any of the § 1367(c) factors are present, the Court may decline jurisdiction based on that factor or the additional considerations mentioned by the Supreme Court in *Gibbs*, including "judicial convenience, fairness to the parties, and whether all the claims would be expected to be tried together." See *Palmer v. Hosp.*

*Auth. of Randolph County*, 22 F.3d 1559, 1569 (11th Cir. 1994) (citing *Gibbs*, 383 U.S. at 725-26).

### III.   ANALYSIS

At the outset, the Court notes that Defendant's failure to respond to Plaintiff's motion to dismiss within the time provided by the Local Rules is sufficient cause to grant Plaintiff's motion by default.  *See* S.D. Fla. L.R. 7.1.C.

Nevertheless, to the extent that it is necessary to resolve this matter on the merits, the undersigned concludes (1) this Counterclaim is not compulsory; (2) that this Counterclaim is not part of the "same case or controversy" as Plaintiff's underlying FLSA claim; and (3) even if it were, the Court would exercise its discretionary authority to decline jurisdiction.[2]

First, the Counterclaim fails the "logical relationship" test, and it is therefore not a compulsory counterclaim.  Plaintiff's FLSA claims predominantly (if not exclusively) concern the number of hours that he worked for Defendants and the amount of money he was paid for his labors.  The Counterclaim, in contrast, concerns – among other things – the quality of Plaintiff's work, the necessity of assigning another subcontractor to repair or redo Plaintiff's inadequate work, the cost of those efforts and the extent of Plaintiff's liability to reimburse Defendant for those costs.  Thus, a separate trial devoted to the Counterclaim would not "involve a substantial duplication of effort and time by the parties and the courts" because the claims neither "involve many of the same factual issues" nor are they "offshoots of the same basic controversy between the parties."

---

[2]  There is no independent basis for subject matter jurisdiction over the Counterclaim because it does not implicate a federal question and it does not establish the diverse citizenship of the parties or the requisite amount in controversy.  *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

*Diamond v. Terminal Ry. Ala. State Docks*, 421 F.2d 228, 236 (5th Cir. 1970).

Second, for the same reasons mentioned above, the Counterclaim does not arise from the same case or controversy as the underlying FLSA claim, *see* 28 U.S.C. § 1367, because the two claims do not derive from a common nucleus of operative fact.  *Gibbs*, 383 U.S. at 715, 725.  The operative facts relevant to Plaintiff's underlying FLSA claim – namely, the hours he worked and the amount of wages he was paid – do not overlap at all with the operative facts relevant to the Counterclaim – namely, the quality of Plaintiff's work as well as the necessity, cost and extent of Plaintiff's liability for reimbursing the expenses associated with repairing his allegedly shoddy workmanship.[3] *See Jorge v. Sunnyside Apts., Inc.*, No. 8:07-cv-1191-T-24-MSS, 2007 WL 4150956, at *1 (M.D. Fla. Nov. 19, 2007) (dismissing counterclaim to an FLSA claim that contained only "vague allegations [that] Plaintiff owes money to Defendants" under agreements entered during the parties' employment relationship).

Finally, even if the Counterclaim satisfied 28 U.S.C. § 1367(a) because it arose from a common nucleus of operative fact as the underlying FLSA claim, this Court would decline to exercise jurisdiction over it.[4]  Based on the specific facts presented in this case, the Court finds that the Counterclaim will substantially predominate over the underlying FLSA claim.  28 U.S.C. § 1367(c).  Were this Court to assert supplemental

---

[3] The undersigned also notes that the corporate defendant has defaulted.

[4] 28 U.S.C. § 1367 has been construed to confer discretionary supplemental jurisdiction over counterclaims in the nature of a set-off.  *See Allapattah Svs., Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344, 1351-52 (S.D. Fla. 2005).  If Defendants wish to use the allegations in the Counterclaim "merely as a potential set off, [they] must amend [their] pleading to make it clear that [they] are not seeking any affirmative relief on th[at] claim[.]" *Kirby v. Tafco Emerald Coast, Inc.*, No. 3:05-CV-341-RV/MD, 2006 WL 228880, at *2 (N.D. Fla. Jan. 30, 2006).

jurisdiction over the Counterclaim, Defendant would be required to establish a basis for holding Plaintiff liable for his allegedly defective work; and, the evidence and testimony required to prove or rebut such liability will obscure Plaintiff's straight-forward FLSA claim.  In short, these two claims would not ordinarily be expected to be tried together because the legal and factual foundations of these claims are so disparate.  *See Kirby v. Tafco Emerald Coast, Inc.*, No. 3:05-CV-341-RV/MD, 2006 WL 228880, at *2 (N.D. Fla. Jan. 30, 2006) ("[S]tate law claims for breach of contract . . . do not share a common nucleus of operative facts" with Plaintiff's FLSA claims); *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 640733, at *3 (D. Kans. Mar. 6, 2008) ("In the context of the FLSA, several courts have rejected the notion that the employer-employee relationship single-handedly creates a common nucleus of operative fact between the FLSA claim and the peripheral state law claims.") (collecting cases).

For all the reasons set forth above, asserting jurisdiction over this Counterclaim would constitute a significant distraction from the underlying FLSA claim, resulting in the unnecessary expenditure of scarce judicial resources and substantial unfairness to the parties.  It is, accordingly,

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Dismiss Defendants' Counterclaim (DE # 30) is **GRANTED**.

**DONE AND ORDERED** in Chambers, in Miami, Florida on July 7, 2008.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies to:**
**All counsel and** *pro se* **parties of record**