**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  07-61463-CIV-HUCK/SIMONTON**
**CONSENT CASE**

**JEFFERY BULLION,**

     **Plaintiff,**

**v.**

**TRANSTEC SYSTEMS, INC., and**
**SASTRI D. RAMSARAN,[1]**

     **Defendants.**

                      **/**

**ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR**
**FINAL DEFAULT JUDGMENT**

Presently pending before the Court is Plaintiff's Motion For Entry of Judgment By Default Pursuant to F.R.C.P.  55(b)(1) (DE # 39).  Defendant Ramsaran has not responded to the motion, and the last day to timely file a response was September 8, 2008.[2]  A pre-trial conference was held in this matter on September 15, 2008, and neither Defendant Ramsaran nor Defendant Transtec Systems, Inc. appeared at the pre-trial conference. During the course of the pre-trial conference, the undersigned heard oral argument on the pending motion to determine whether the Affidavits in support of the motion were sufficiently detailed to support the claim for damages, and whether the defendants had received adequate notice of the amount of damages claimed.  At that time, in order to avoid the time and expense associated with further proceedings (such as an evidentiary hearing) to establish the amount of damages, Plaintiff agreed to amend the amount of

---

[1]  The Complaint spells defendant's name as "Rasaran," however, the spelling used by Defendant in his Answer is "Ramsaran."

[2]  The Court's order entering a default judgment as to liability specifically advised both defendants of their right to contest the amount of damages claimed in Plaintiff's Motion for Final Default Judgment.

damages sought to $15,000.00, which was the amount stated both in the Complaint (DE # 1) and the subsequently filed Statement of Claim (DE # 4).

For the reasons stated below, the undersigned finds that Plaintiff has provided detailed and sufficient Affidavits to establish that he is owed at least $7,500.00 in unpaid minimum and overtime wages, and that he is entitled to liquidated damages in an equal amount, for a total of $15,000.00, as well as attorney's fees and costs. Therefore, for the reasons stated at the pre-trial conference, a trial or evidentiary hearing is not necessary.

### I. Background

On October 12, 2007, Plaintiff, Jeffrey Bullion, filed a Complaint naming Transtec Systems, Inc. and its corporate officer, Sastri Ramsaran, as defendants. Plaintiff sued under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, alleging that Defendants violated the minimum wage and overtime wage standards by failing to adequately compensate him for his work (DE # 1). He specifically alleged that he had been employed by Defendant Transtec from approximately May 29, 2007 to July 3, 2007, and that he was owed a minimum of $7,500.00, and an additional equal amount as liquidated damages, as well as attorney's fees and costs. Plaintiff alleged that Defendant Transtec was an enterprise engaged in commerce or in the production of goods for commerce, had a gross volume of sales made or business done of not less than $500,000.00, and therefore was subject to the requirements of the FLSA. In addition, Plaintiff alleged that he was an employee engaged in activities involving interstate commerce. To establish the liability of Defendant Ramsaran, Plaintiff alleged that Mr. Ramsaran was an officer of the corporation who actively participated in the business and exercised control over the functions of the employees.

In a subsequently filed Statement of Claim, Plaintiff alleged that he was owed

approximately $7,500.00 in unpaid overtime compensation and back pay; that he was to be paid $1,500.00 per week, and that he had received no pay at all for five weeks of work. Plaintiff further stated that he would calculate the overtime portion after obtaining documentation from defendants (DE # 4).

Thereafter, default judgments as to liability were entered with respect to both defendant Transtec, Inc. (DE # 10, # 17) and defendant Ramsaran (DE # 38).  The presently pending motion followed.

## II.   LEGAL ANALYSIS AS TO DAMAGES

A judgment by default may not be entered without a hearing or by a demonstration by detailed affidavits establishing the necessary facts, unless the amount of damages claimed is a liquidated sum or one capable of mathematical calculation. *Adolph Coors, Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985); *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).  In the case at bar, Plaintiff Jeffrey Bullion submitted a detailed affidavit to establish the claimed damages, to which the defendants filed no response.

Plaintiff claimed in his motion that he was entitled to compensation for 24 hours of work every day during the five weeks that he worked for the defendants.  Based upon a weekly salary of $1,500.00, this resulted in an hourly rate of $8.93 per hour, and an overtime rate of $13.39 per hour.  These calculations resulted in $2,071.48 due each week, for a total of $10,357.40 in base pay.  In addition, Plaintiff sought an equal amount in liquidated damages, for a total judgment in the amount of $20,714.80 plus attorney's fees and costs.

The basis upon which Plaintiff claims he was owed for 24 hours of work each day is that he was required to travel from his home in Florida to Richmond, Virginia to

3

perform work installing cable devices and systems, and he was required to be on call and available to perform work immediately upon being notified of the need for such work at all time–*i.e.*, 24 hours a day, 7 days a week.

At the hearing, in response to the Court's questions regarding this method of calculation, and the assertion of liability for 24 hours of work each day when the Complaint and Statement of Claim had asserted that the number of overtime hours would be calculated only after discovery was received from defendants, Plaintiff limited his request to the amount stated in the Complaint and Statement of Claim as the minimum amount he was owed–*i.e.*, $7,500.00 plus an equal amount in liquidated damages.

The Affidavit of Plaintiff establishes that he was to be paid $1,500.00 per week for five weeks of employment, which was intended to cover all hours worked.  The issue of compensation for on-call time is addressed in 29 C.F.R. § 785.17, which provides:

> An employee who is required to remain on call on the employer's premises or so close thereto that he cannot use the time effectively for his own purposes is working while "on call".  An employee who is not required to remain on the employer's premises but is merely required to leave word at his home or with company officials where he may be reached is not working while on call. (*Armour & Co. v. Wantock*, 323 U.S. 126 (1944); *Handler v. Thrasher*, 191 F.2d 120 (1C.A. 10, 1951); *Walling v. Bank of Waynesboro, Georgia*, 61 F. Supp. 384 (S.D. Ga. 1945).

The Eleventh Circuit has established a multi-factor test to be used in determining whether an employee is entitled to be compensated for the hours he was "on-call":

> When deciding whether on-call time is covered by the FLSA, the court should examine ... [1] the agreements between the particular parties, [2 appraisal of their practical construction of the working agreement by conduct, [3] consideration of the nature of the service, and its relation to the waiting time, and [4] all of the surrounding circumstances.

*Birdwell v. City of Gadsden*, 970 F.2d 802, 808 (11th Cir. 1992).  *Accord Lurvey v. Metropolitan Dade County*, 870 F. Supp. 1570 (S.D. Fla. 1994).

In the case at bar, the averments of the Affidavit of Plaintiff have not been disputed; and neither defendant appeared at the pre-trial conference despite notice of this hearing and advice that they would be entitled to challenge the damages claimed. The undersigned therefore finds that Plaintiff is entitled to be compensated for on-call time.  However, the undersigned finds that Plaintiff has not established that he is entitled to be compensated for on-call time for 24 hours a day–especially since he did not assert this in his Statement of Claim and in fact, implied the contrary by contending that the amount of overtime could not be established until the receipt of discovery from the defendants.

In order to avoid the time and expense of an evidentiary hearing on damages, Plaintiff agreed to limit his claim to the "floor" amount claimed in the Complaint, as to which defendants are clearly on notice.  The undersigned finds that Plaintiff's uncontradicted affidavit establishes that he is entitled to at least $7,500.00 in unpaid minimum and overtime wages.[3]  In addition, Plaintiff is entitled to an equal amount in liquidated damages since defendants have failed to meet their burden of proving their good faith attempt to comply with the FLSA under 29 U.S.C. §§ 216(b) and 260.

Therefore, rather than awarding the requested amount of $10,357.40 in base pay, the Court will only award $7,500.00 in base pay, plus an equal amount in liquidated

---

[3]  For example, assuming that Plaintiff's on-call responsibilities were limited to 16 hours a day rather than the 24 hours a day he claimed, his hourly rate would be $13.158; and, his overtime rate would be $19.737.  Thus, he would be owed a minimum weekly wage of $206.00 based upon the federal minimum wage of $5.15 per hour; and, he would be owed overtime wages of $1421.06, based upon 72 hours a week.  The total amount owed would therefore be $1,627.06 per week, or $8,135.30 for the 5-week employment period.

damages, for a total judgment in the amount of $15,000.00 rather than the $20,714.80 requested by Plaintiff.

### III.   ATTORNEY'S FEES AND COSTS

Plaintiff seeks attorney's fees in the amount of $5,130.00, which is based upon the Affidavit of his counsel which states that he spent 17.1 hours on this matter, and that his contract with Plaintiff specifies an hourly rate of $300.00.  Defendant has not challenged this request.

It is well-established that a prevailing plaintiff in an action brought under the FLSA is entitled to reasonable attorney's fees and costs, pursuant to 29 U.S.C. § 216(b).

This Court calculates a reasonable attorney's fee by using the lodestar method, which requires this Court to multiply the reasonable hours expended by Plaintiffs' counsel by Plaintiffs' counsel's reasonable hourly rate.  *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Cuban Museum of Arts & Culture, Inc. v. City of Miami*, 771 F. Supp. 1190, 1191 (S.D. Fla. 1991).  Plaintiffs bear the burden of documenting reasonable hours expended and reasonable hourly rates.  *See ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

In the case at bar, based upon a review of the record as a whole, and the lack of opposition, the undersigned finds that the number of hours claimed and the rate are reasonable.  In addition, the costs claimed are taxable under 28 U.S.C. § 1920. Therefore, the Court awards Plaintiff attorney's fees in the amount of $5,130.00 and costs in the amount of $450.00.[4]

---

[4]  Plaintiff sought $350.00 for the filing fee, and $100.00 for the cost of service of process, but stated the total claimed was $460.52.  Since there is no substantiation for the additional $10.52, the undersigned assumes that it is a mathematical error, and the costs awarded are limited to $450.00.

IV.   **CONCLUSION**

Based upon the foregoing analysis, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion For Entry of Judgment By

Default Pursuant to F.R.C.P. § 55(b)(1) (DE # 39) is **GRANTED IN PART**.  Plaintiff is

awarded $7,500.00 in unpaid minimum wages and overtime wages, plus $7,500.00 in

liquidated damages, plus $5,130.00 in attorney's fees, and $450.00 in costs, for a total

award of $20,580.00.  The trial, which was previously set for September 22, 2008, is

canceled.

**DONE AND ORDERED** in chambers in Miami, Florida, on September 15, 2008.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record and pro se parties via CM/ECF

7