UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61463-CIV-HUCK/SIMONTON
<u>CONSENT CASE</u>

JEFFERY BULLION,

    Plaintiff,

v.

SASTRI D. RAMSARAN,[1] et al.,

    Defendants.
_____/

<u>ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM FINAL
DEFAULT JUDGMENT AND GRANTING PLAINTIFF'S MOTION
FOR SANCTIONS AGAINST DEFENDANT RAMSARAN</u>

Presently pending before the Court are Plaintiff's Motion For Sanctions Concerning Defendant's Non-Appearance at Deposition in Aid of Execution (DE # 43) and Defendants' Motion For Relief From Final Default Judgment, Pursuant to FRCP 60(b) (DE # 44). Defendant Ramsaran has not responded to Plaintiff's motion for sanctions, and the time to do so has run. Plaintiff has filed a Response to Defendants' motion for relief from final default judgment (DE # 45). Defendants have not filed a reply in support of their motion for relief from final default judgment, and the time to do so has run. For the reasons stated below, Plaintiff's motion for sanctions is granted, and Defendants' motion for relief from final default judgment is denied.

    I. <u>Background</u>

    A. <u>The Complaint</u>

On October 12, 2007, Plaintiff, Jeffery Bullion, filed a Complaint naming Transtec Systems, Inc. and its corporate officer, Sastri Ramsaran, as defendants. Plaintiff sued

---

[1] The Complaint spells defendant's name as "Rasaran," however, the spelling used by Defendant in his Answer is "Ramsaran."

under the Fair Labor Standards Act (FLSA), 29 U.S.C. 201, *et seq.*, alleging that Defendants violated the minimum wage and overtime wage standards by failing to compensate him adequately for his work (DE # 1).[2]

### B. The Discovery History of This Case

On February 4, 2008, Plaintiff served a request for production of documents and interrogatories on Defendant Ramsaran. Between February 4, 2008 and March 7, 2008, Plaintiff's counsel attempted on numerous occasions to schedule Ramsaran's deposition, but Ramsaran did not return telephone calls (DE # 18 at 1). Ramsaran never responded to the discovery requests, despite his March 4, 2008 assertion that he had done so. Also on March 4, 2008, Ramsaran stated that he was in New York and could not come to Florida for a deposition (DE # 18 at 1-2). On March 7, 2008, Plaintiff moved to compel Ramsaran to respond to the discovery requests and to provide a date for his deposition in Miami (DE # 18).

On March 20, 2008, Plaintiff filed a notice of deposition of Defendant Ramsaran for April 18, 2008 in Queens, New York (DE # 22).

Subsequently, on March 24, 2008, pursuant to the consent of the parties, the District Court referred this case to the undersigned Magistrate Judge for trial and final disposition (DE # 24).

On March 31, 2008, the undersigned denied Plaintiff's motion to compel as moot

---

[2] On November 30, 2007, Defendant Ramsaran filed a *pro se* letter, which arguably contained a Counterclaim (DE # 11). Plaintiff then moved to dismiss the Counterclaim, as not compulsory and because there was no federal subject matter jurisdiction over the Counterclaim (DE # 30). Ramsaran did not respond to the motion to dismiss. On July 7, 2008, this Court granted Plaintiff's motion and dismissed the Counterclaim finding that 1) Defendant Ramsaran had not responded to Plaintiff's motion; 2) the Counterclaim was not compulsory; 3) the Counterclaim was not part of the same case or controversy as Plaintiff's underlying FLSA claim, and 4) even if it were, the Court would exercise its discretionary authority to decline jurisdiction (DE # 34).

based upon representations by Defendant Ramsaran that he would comply with Plaintiff's discovery requests and cooperate in setting a deposition date. The Order also stated that Plaintiff could raise any unresolved issues in a new motion (DE # 26).

On June 3, 2008, Plaintiff filed a renewed motion to compel Defendant Ramsaran to appear for deposition and provide discovery responses. In support thereof, Plaintiff stated that on April 14, 2008, Ramsaran canceled his April 18, 2008 deposition, and stated that when he got to Arizona, where he would be working, he would provide information to enable his deposition to be reset. However, Ramsaran never contacted Plaintiff and also did not respond to numerous voice mail messages and emails from Plaintiff's counsel attempting to reschedule the deposition. Furthermore, Ramsaran never provided discovery responses to Plaintiff (DE # 33). Ramsaran never responded to Plaintiff's motion.

On July 7, 2008, the undersigned entered an order granting, by default, Plaintiff's motion to compel Defendant Ramsaran to appear for deposition and provide discovery responses (DE # 35). In the Order, the undersigned noted that she had previously denied a motion to compel the same discovery based upon representations by Ramsaran that he would comply with Plaintiff's discovery requests; and also that the fact discovery deadline in this case was July 18, 2008 (DE # 35 at 1-2). The undersigned ordered Ramsaran to provide responses to Plaintiff's Request for Production of Documents and Interrogatories, on or before July 14, 2008, and to appear for deposition, on or before July 18, 2008, at a time and place convenient for Plaintiff. The undersigned placed Defendant Ramsaran on notice that any failure either to 1) respond to Plaintiff's discovery or 2) appear for deposition might result in the entry of a default judgment as to liability against him (DE # 35 at 2).

### C. The Entry of a Default Judgment As To Liability Against Defendant Ramsaran

Plaintiff then asked this Court to enter a default judgment against Defendant Ramsaran for his continuous failure to comply with discovery deadlines and with the Court's Order compelling discovery, contending that Defendant Ramsaran had provided "one baseless excuse after another" for not providing discovery (DE # 37).

Defendant Ramsaran did not respond to the motion. On August 12, 2008, the Court granted Plaintiff's motion and entered a default judgment as to liability against Ramsaran, based upon Ramsaran's failure to: 1) appear for his deposition; 2) provide discovery responses; and 3) obey the Court's July 7, 2008 order to provide discovery responses and to appear for deposition on a date certain (DE # 38).

### D. The Entry of a Final Default Judgment Against Defendants

On August 20, 2008, Plaintiff filed a motion for entry of default judgment pursuant to Fed.R.Civ.P. 55(b)(1) (DE # 39).[3] Defendant Ramsaran did not respond to the motion. Also, neither Defendant appeared at the September 15, 2008 pretrial conference, at which the undersigned heard oral argument on Plaintiff's motion. On September 15, 2008, the undersigned entered an Order granting Plaintiff's motion in part, and finding that Plaintiff was entitled to a judgment of $7,500.00 in unpaid minimum wages and overtime wages, plus $7,500.00 in liquidated damages, plus an award of attorney's fees in the amount of $5,130.00 and an award of costs in the amount of $450.00, for a total award of $20,580.00 (DE # 40). On the same day, the undersigned entered a Final Default Judgment in favor of Plaintiff, and against Defendants Sastri D. Ramsaran and Transtec Systems, Inc., jointly and severally, in the total amount of $20,580.00. The Court retained

---

[3] Default judgments as to liability had previously been entered against Defendant Transtec Systems, Inc. (DE ## 10, 17).

jurisdiction to award attorney's fees and costs in connection with any collection efforts (DE # 41).

### III.  The Instant Motions

#### A.  Plaintiff's Motion To Sanction Ramsaran's Non-Appearance at Deposition

In his motion, Plaintiff stated that after this Court entered a final default judgment, Plaintiff set Defendant Ramsaran for a deposition in aid of execution, for Friday, October 31, 2008.  Plaintiff said that he served Ramsaran with the deposition notice by mail to the mailing address which Ramsaran had provided to the Court as the address where he could be contacted.  Plaintiff said that he also served Ramsaran with the deposition notice by e-mail to the e-mail address which Ramsaran had provided to the Court as the e-mail address at which he could be contacted.  Plaintiff asserts that Ramsaran did not appear for the noticed deposition and did not produce any requested documents.  Plaintiff requests this Court to issue an order: 1) compelling Ramsaran's appearance at a deposition in aid of execution; 2) requiring Ramsaran to bring all documents requested by the Notice of Taking Deposition Duces Tecum; 3) informing Ramsaran that his failure to appear for deposition and comply will result in a finding of contempt and an order directing his arrest for contempt; and 4) sanctioning Ramsaran by requiring him to pay the court reporter fees concerning the October 31, 2008 deposition in the amount of $98.95 (DE # 43).

Defendant Ramsaran has not responded to Plaintiff's motion and the time to do so has run.

#### B.  Defendants' Motion For Relief From Final Default Judgment

On January 13, 2009, Defendants filed a motion for relief from final default judgment, pursuant to Fed.R.Civ.P. 60(b) (DE # 44).  In support thereof, Ramsaran states

5

that he is the owner and operator of Defendant Transtec Systems, Inc., and that in December 2007, Transtec contracted a job in Richmond, Virginia, and retained Plaintiff as a subcontractor.  Ramsaran further states that Plaintiff was paid $15.00 for each cable box he installed, in accordance with the industry standard of paying installers a flat fee for every cable box installed, and was paid $750.00 for installing 50 cable boxes.  Ramsaran claims that even though Plaintiff showed up for work intoxicated and all the work he did had to be redone, Plaintiff was fully paid (DE # 44 at 1-2, paras. 2a-2d).

Defendant Ramsaran then states that in January 2008, he resided at 454 W. Brown Road, Apartment 8A, Mesa, Arizona 85201, but that Plaintiff served the lawsuit on Defendants at the residence of Ramsaran's wife, 2636 Riviera Drive, Miramar, Florida 33023.  Ramsaran asserts that he did not understand that service of process was insufficient because he was a resident of Arizona and there was no diversity jurisdiction because Plaintiff's claim was for less than $75,000.00.  Ramsaran further asserts that he filed a response of some kind in Fort Lauderdale because Plaintiff's attorney told Ramsaran that he could file his response in any court (DE # 44 at 2, paras. 2e-2h).

Defendant Ramsaran then asserts that Plaintiff's attorney contacted Ramsaran several times in Arizona, but that Plaintiff's attorney insisted upon taking Ramsaran's deposition in Florida at the office of Plaintiff's attorney, and that Plaintiff's attorney refused to take the deposition in Arizona or over the telephone (DE # 44 at 2, para. 2i).

Defendant Ramsaran states that Defendants never received any other Court notice or pleading until Ramsaran's former wife told him that a document called "Final Default Judgment" had arrived at her Miramar address.  Defendants state that they also received an electronic filing report from Plaintiff's attorney sent to the Miramar address even though Plaintiff's attorney knew that Ramsaran was living in Arizona and knew

6

Ramsaran's address (DE # 44 at 3, paras. 2j-2k).

Defendants ask that the default judgment be vacated due to mistake, inadvertence or excusable neglect, because Defendants were not able to have the Court consider their defenses that 1) Plaintiff was paid in full and does not have a lost wage claim and 2) there was no jurisdiction in this Court due to insufficient service of process and because Ramsaran lived in Arizona. Defendants also assert that all facts in Defendant Ramsaran's affidavit, attached to the motion, should be assumed to be true (DE # 44 at 4, paras. 5-9).

Plaintiff timely filed a response in opposition, in which he asserts that Defendants' motion should be denied because there is no factual or legal basis to vacate the default judgment. In support of his position, Plaintiff notes that when Defendant Ramsaran filed his answer on November 30, 2007, Ramsaran listed two addresses, in Miramar, Florida and in Richmond Hill, New York (DE # 11).

Plaintiff also notes that when, on December 3, 2007, Ramsaran filed a motion to set aside the default which had been entered against him (DE # 12), the District Court entered an order the following day which set aside the default judgment against Ramsaran, but also noted that Defendant Transtec Systems, Inc., as a corporation, could not be represented by a non-lawyer and that Transtec had until December 24, 2007 to retain counsel (DE # 13). On January 17, 2008, the District Court entered an order that Transtec show cause why a default judgment should not be re-entered against it for failure to retain counsel (DE # 16. On January 30, 2008, the District Court reinstated the default judgment against Transtec (DE # 17).

Plaintiff then states that the parties consented to this Court's jurisdiction, and that on April 25, 2008, the undersigned conducted a telephonic scheduling conference in

which Defendant Ramsaran participated.  The subsequent order setting pretrial and trial dates and establishing pretrial procedure stated that Defendant Ramsaran had stated at the conference that consent to proceed before this Court had been made by the defaulted corporate defendant as well as by Ramsaran (DE # 28 at 1).  At the scheduling conference, Ramsaran provided an e-mail address to the Court for service of all pleadings as well as addresses in Mesa, Arizona and Miramar, Florida for service by mail of all pleadings.  Plaintiff submits that he and the Court have served all pleadings on Defendants at these addresses.

Plaintiff also asserts that April 30, 2008, this Court issued an Order of Instruction to Pro Se Litigants, which stated that it was Defendant Ramsaran's responsibility to actively defend the case, obtain any essential discovery, file all necessary pleadings and motions and otherwise comply with all scheduling orders and prepare the case for trial.  The Order warned Ramsaran that failure to do this may result in the entry of a default judgment for failure to fulfill his obligations to participate in the case (DE # 31 at 2).

Plaintiff then asserts that after the Court informed Defendant Ramsaran both orally and in writing of the obligation to comply with discovery, Ramsaran failed to appear for deposition and provide discovery responses.  Plaintiff then filed a motion to compel (DE # 33).  On July 7, 2008, this Court issued an order granting the motion noting that it had previously denied a motion to compel based upon Ramsaran's representations that he would comply, and that Ramsaran's failure to respond or appear might result in the entry of a default judgment as to liability against Ramsaran (DE # 35).  Plaintiff states that after Ramsaran again failed to comply with the Court's order, Plaintiff filed a motion for default (DE # 37).  On August 12, 2008, this Court entered an order granting the motion for default, stating that Ramsaran had not provided discovery

responses or appeared for deposition despite repeated opportunities, and that Ramsaran had ignored the Court's July 7, 2008 order compelling discovery responses and appearance at deposition (DE # 38).

Defendants have not replied, and the time to do so has run.

IV.  **Analysis**

A.  **Plaintiff's Motion To Sanction Ramsaran Is Granted By Default**

Plaintiff's Motion For Sanctions Concerning Defendant's Non-Appearance at Deposition in Aid of Execution (DE # 43) is granted by default, pursuant to Local Rule 7.1 C.  Defendant Ramsaran did not respond to Plaintiff's motion.

The undersigned therefore credits the version of events stated by Plaintiff in his motion.  Plaintiff noticed Defendant Ramsaran for a deposition in aid of execution. Plaintiff served Ramsaran with notice of the deposition by mail at the two addresses which Ramsaran had stated in open court where he could be reached.  Plaintiff also served Ramsaran with notice of the deposition at the e-mail address which Ramsaran had provided to the Court and to Plaintiff.  Nevertheless, Defendant Ramsaran did not appear for his deposition.

Therefore, on or before September 30, 2009, Defendant Ramsaran shall appear for a deposition in aid of execution at a place and time chosen by Plaintiff and shall bring all documents requested on the Notice of Taking Deposition Duces Tecum.  Failure to appear for deposition, without good cause shown, shall result in Ramsaran being held in contempt of court and may also result in the arrest and incarceration of Ramsaran. Ramsaran is also sanctioned in the amount of $89.85 for the court reporter fees incurred by Plaintiff  relating to the October 31, 2008 deposition, and Ramsaran must pay that amount to Plaintiff within ten days from the date of this Order.

### B. Defendants' Motion For Relief From Final Default Judgment Is Denied

Defendants' motion for relief from final default judgment pursuant to Fed.R.Civ.P. 60(b) on the basis of mistake or excusable neglect is denied, as Defendants have not shown either good cause or excusable neglect to support their motion. Specifically, the undersigned finds that Defendants have recklessly disregarded the judicial proceedings in this case. Specifically, the Court find Defendant Ramsaran's affidavit not credible and that the affidavit is conclusively refuted by both the record and statements which Defendant Ramsaran previously made to this Court.

Pursuant to Fed.R.Civ.P 60(b), the Court may set aside an entry of a default judgment based on an excusable neglect standard, which is more rigorous than the good cause standard applicable under Rule 55(c) for setting aside an entry of default. *See Katz v. MRT, LLC*, 2008 WL 2368210, Case No. 07-61438-CIV-COHN, Jun. 10. 2008, at *1, citing *Equal Employment Opportunity Commission v. Mike Smith Pontiac GMC*, 896 F.2d 524, 528 (11th Cir. 1990). A finding of intentional or reckless disregard for the judicial proceedings, standing alone, is sufficient to deny relief. *Katz v. MRT, LLC*, 2008 WL 2368210, Case No. 07-61438-CIV-COHN, Jun. 10. 2008, at *1, citing *Compania Interamericana Export-Import v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1998).

The undersigned denies Defendants' motion to vacate default judgment based on Defendants' reckless disregard of the judicial proceedings in this case. Plaintiff tried to obtain discovery responses from Defendant Ramsaran from February 2008 through August 2008, but with no success. Plaintiff also tried to depose Ramsaran from February 2008 through August 2008, also with no success. Ramsaran did not respond to Plaintiff's motions to compel discovery, motion to dismiss counterclaim and motion for

entry of default. Plaintiff spent the entire discovery period in this case unsuccessfully attempting to obtain discovery from Ramsaran. The trial in this case was set for September 22, 2008, and Ramsaran never provided any discovery.

Furthermore, Defendant Ramsaran has ignored this Court's July 7, 2008 Order to provide responses to Plaintiff's Request for Production of Documents and Interrogatories, on or before July 14, 2008, and to appear for deposition, on or before July 18, 2008, at a time and place convenient for Plaintiff. In the July 7, 2008 Order, the undersigned placed Ramsaran on notice that any failure either to 1) respond to Plaintiff's discovery or 2) appear for deposition might result in the entry of a default judgment as to liability against him. Ramsaran failed to obey the Court's Order (DE # 38 at 4).

Specifically, Plaintiff stated that despite the Court's July 7, 2008 Order, Ramsaran did not contact Plaintiff's counsel regarding a deposition until the afternoon of Sunday, July 20, 2008, when he sent an email stating that: 1) on July 16, 2008, he had just returned to Miami from California and New York; 2) he would be working in Pensacola, Florida; and 3) any deposition date convenient to Plaintiff would be convenient for him (DE # 37 at 1, para. 3). On Monday morning, July 21, 2008, Plaintiff's counsel sent an email to Ramsaran setting the deposition for Plaintiff's counsel's office on Wednesday, July 23, 2008 at 1:00 p.m. and telling Ramsaran to bring his discovery responses with him. On Tuesday evening, July 22, 2008, Ramsaran sent an email to Plaintiff's counsel stating that he: 1) could not appear for his deposition on July 23, 2008; 2) had come back from Miami on July 20, and was working in Pensacola; 3) did not have the money to get back; and 4) would appear for deposition in Pensacola on July 23, 2008 after 3:00 p.m. or in Orlando from July 28 anytime after 3:00 p.m. (DE # 37 at 1-2, para. 4). If Ramsaran had the Court's order on July 16, 2008, in Miami, and had traveled to Pensacola on July 20,

11

2008, Ramsaran could have easily contacted Plaintiff's counsel to be deposed on his way from Miami to Pensacola (DE # 38 at 3-4).[4]

Defendants claim that they never received any other Court Novice or Pleading until Ramsaran's former wife told him that a Final Default Judgment had arrived at her Miramar address (DE # 44 at para. 2j).[5]  The undersigned does not credit this excuse.  On April 25, 2008, Defendant Ramsaran gave the Court two addresses at which he could be contacted, one in Arizona and one in Miramar, Florida.  Moreover, in his *pro se* letter/Answer, Defendant Ramsaran had previously provided two addresses, one in New York, with a New York telephone number, and one in Miramar, Florida, under which he had written "1 to 2 weeks before I get mail" (DE # 11).  In his December 2, 2007 motion to reconsider the entry of default, Ramsaran had provided only the Miramar address, with a New York telephone number, as well as an email address (DE # 12).  Therefore, it is disingenuous for Ramsaran to assert now that he did not live at the Miramar address and did not receive any orders and or pleading sent to him there.  Moreover, Plaintiff's motion to dismiss counterclaim (DE # 30 at 4) was served on Ramsaran's Arizona address, while Plaintiff's motions to compel (DE # 33 at 2) and for entry of default (DE # 37 at 3) were served on Ramsaran's Arizona address and on the Miramar address.  The Court's orders were also served on Ramsaran's Arizona address and on the Miramar address.

---

[4] Defendant Ramsaran also claims that Plaintiff's attorney contacted Ramsaran several times in Arizona and insisted on taking Ramsaran's deposition at the office of Plaintiff's attorney in Florida, and refused to take the deposition in Arizona or over the telephone (DE # 44 at para. 2i).  This argument ignores this Court's order that Ramsaran appear for deposition at a time and place convenient for Plaintiff (DE # 35 at 2).

[5] Defendants also complain that Plaintiff's counsel also received an electronic filing report sent to the Miramar address even though Plaintiff's attorney knew the address at which Ramsaran was living in Arizona (DE # 44 at para. 2k).

**Defendants also claim that they were never afforded the opportunity to raise valid defenses as to service of process and diversity (DE # 44 at para. 7). In Defendants' motion, Defendants claim that in January 2008, 1) Defendant Ramsaran was a resident of Arizona; 2) the lawsuit was served on Defendants at the residence of Ramsaran's wife and 3) Ramsaran did not understand that service of process was insufficient because he was a resident of Arizona and because there was no diversity because the claim was for less than $75,000 (DE # 44 at paras. 2e-2g).**

**The undersigned finds that Defendants have not shown excusable neglect for failing to raise defenses as to service of process and lack of diversity jurisdiction. With the respect to the claim that diversity jurisdiction was not established because the amount in controversy was less than $75,000.00; the argument is frivolous since the Complaint asserted a federal question under the FLSA. *See* DE # 1 at 1, para. 1. Moreover, the Defendants waived any challenge to the sufficiency of service of process. Rule 12(h) of the Federal Rules of civil Procedure expressly states that the defense of insufficiency of service of process is waived if not raised either by motion prior to the filing of a responsive pleading, or in the responsive pleading. Defendant Ramsaran filed an Answer, and thereafter appeared in this case without challenging service of process. In addition, Defendant Transtec waived any objection when Defendant Ramsaran, acting as owner, President and Registered Agent of Defendant Transtec, was questioned by the Court regarding the consent of Transtec to final disposition by the undersigned Magistrate Judge, and thereafter confirmed that he had the authority to act on behalf of Transtec and consented in open court to the undersigned's jurisdiction over the case (DE # 28 at 1).**

**Moreover, also on April 25, 2008, Defendant Ramsaran gave the Court two**

addresses at which he could be contacted, one in Arizona and one in Miramar, Florida. Previously, in his *pro se* letter/Answer, Defendant Ramsaran had provided two addresses, one in New York, with a New York telephone number, and one in Miramar, Florida, under which he had written "1 to 2 weeks before I get mail" (DE # 11). In his December 2, 2007 motion to reconsider the entry of default, Ramsaran had provided only the Miramar address, with a New York telephone number, as well as an email address (DE # 12). In light of these facts, the undersigned finds incredible Defendant Ramsaran's claim in his affidavit that he was a resident of Arizona and not a resident of Florida when the Complaint was filed on October 12, 2007, when Ramsaran did not provide the Court with an Arizona address until April 25, 2008.

Defendants also claim that they have a meritorious defense in that Plaintiff was paid as a subcontractor and did not have any lost wage claim (DE # 44 at para. 6). They attempt to provide support for this statement in Defendant Ramsaran's affidavit (Ex. 1 to DE # 44, at paras. 7-8), which states that Defendant Ramsaran paid Plaintiff, as an independent contractor, $15.00 per installed cable box, for a total payment of $750.00 in cash. Defendant Ramsaran asserts that he paid Plaintiff even though Plaintiff was usually intoxicated at work, started a fight with a coworker, and Ramsaran had to redo every cable box which Plaintiff had installed.

Now Defendant Ramsaran claims that he did not have the chance to raise the meritorious defense that he paid Plaintiff, even though Plaintiff's work was sorely deficient. It is clear, however, that Ramsaran had a full opportunity to litigate this case and chose not to by failing to comply with his discovery obligations. It was only after attempts were made to collect on the final judgment that he has decided to participate. The undersigned finds that, to the extent that this defense was not previously raised,

**Defendant Ramsaran has not shown excusable neglect for failing to raise this defense at the appropriate time.  Moreover, he has not shown any credible reason for failing to comply with the discovery orders entered in this case.**

**Therefore, for the reasons stated above, it is hereby**

**ORDERED AND ADJUDGED that Defendants' Motion For Relief From Final Default Judgment, Pursuant to FRCP 60(b) (DE # 44), is DENIED.  It is further**

**ORDERED AND ADJUDGED that Plaintiff's Motion For Sanctions Concerning Defendant's Non-Appearance at Deposition in Aid of Execution (DE # 43), is GRANTED by default.  On or before September 30, 2009, Defendant Ramsaran shall appear for a deposition in aid of execution at a place and time chosen by Plaintiff and shall bring all documents requested on the Notice of Taking Deposition Duces Tecum.  Failure to appear for deposition, without good cause shown, shall result in Ramsaran being held in contempt of court and may also result in the arrest and incarceration of Ramsaran.  Ramsaran is also sanctioned in the amount of $89.85 for the court reporter fees incurred by Plaintiff  relating to the October 31, 2008 deposition, and Ramsaran must pay that amount to Plaintiff within ten days from the date of this Order.**

**DONE AND ORDERED in chambers in Miami, Florida, on August 31, 2009.**

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**All counsel of record via CM/ECF**